STATE of Minnesota, Appellant,

v.

Kevin Brice RECKINGER, Respondent.

No. C0–99–867.

Court of Appeals of Minnesota.

Nov. 30, 1999.

---

Mike Hatch, Attorney General, St. Paul, MN; and Raymond F. Schmitz, Olmsted County Attorney, James S. Martinson, Senior Assistant County Attorney, Rochester, MN (for appellant).

George F. Restovich, Gary A. Gittus, George F. Restovich & Associates, Rochester, MN (for respondent).

Considered and decided by SCHUMACHER, Presiding Judge, RANDALL, Judge, and KALITOWSKI, Judge.

## OPINION

RANDALL, Judge.

The state appeals from a pretrial denial of a motion to introduce Spreigl evidence, contending the district court abused its discretion and the suppression of evidence is of critical impact. We affirm.

## FACTS

In August 1994, Rochester police interviewed then 8–year–old S.S.M. concerning alleged sexual abuse by her stepfather, respondent Kevin Reckinger. S.S.M indicated that several weeks earlier Reckinger had put his finger in her vagina after he had carried her downstairs to her bed. This hurt, she told him to stop, and he did. S.S.M. said nothing like that had happened to her before. In September 1994, Rochester police interviewed Reckinger, who denied touching S.S.M. inappropriately, although he acknowledged it was possible he touched her accidentally. In December 1996, when the Rochester police reinterviewed S.S.M., she reported that Reckinger had also touched her vagina with his hand in December 1993 when visiting relatives in Iowa.

The state charged Reckinger with first-degree criminal-sexual conduct in violation of Minn.Stat. § 609.342 (1994) for the alleged 1994 incident. The state filed a notice advising that the prosecution may offer evidence at trial of the alleged 1993 Iowa incident as an exception to the general exclusionary rule. The district court held a pretrial hearing on the state's motion to introduce evidence of the Iowa incident. At the hearing, the state submitted an offer of proof consisting of police reports and a transcript of the 1996 interview of S.S.M. The district court denied the state's motion, explaining that the state had not met "its burden of proof to sustain admitting the *Spreigl* evidence." After the state made a timely motion for clarification or reconsideration, the district court denied the motion and stayed the proceedings pending appeal.

## ISSUES

1. Did the district court abuse its discretion by refusing to admit Spreigl evidence?

2. Does the suppression of evidence have a critical impact on the trial's outcome?

## ANALYSIS

 When appealing a pretrial order, the state must show *clearly and unequivocally* that (1) the district court erred in its judgment, and (2) the error will have a "critical impact" on the trial's outcome unless reversed. *State v. Martin*, 591 N.W.2d 481, 484 (Minn.1999). "Evidentiary rulings generally rest within the trial court's discretion and will not be reversed absent a clear abuse of discretion." *State v. Shannon*, 583 N.W.2d 579, 583 (Minn. 1998) (quotation omitted).

 1. Generally, evidence of other crimes or misconduct, known in Minnesota as Spreigl evidence, is not admissible to prove a defendant's character in order to show that the defendant acted in conformity with that character. *State v. Lynch*, 590 N.W.2d 75, 80 (Minn.1999). Such evidence may be admitted for the limited purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn. R. Evid. 404(b). Spreigl evidence shall not be admitted in a criminal prosecution unless the district court determines

(1) the evidence is clear and convincing that the defendant participated in the conduct alleged; (2) the evidence is relevant and material to the state's case; and (3) the probative value of the evidence outweighs any potential prejudicial effect. *Shannon*, 583 N.W.2d at 583. When it is unclear whether Spreigl evidence is admissible, the benefit of the doubt should be given to the defendant and the evidence should be excluded. *Id.* at 584.

 The district court stated that the state had not established by clear and convincing evidence that Reckinger had committed the Iowa offense. "Clear and convincing evidence is more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *State v. Profit*, 591 N.W.2d 451, 464 (Minn.1999) (quotation omitted). When the truth of the facts sought to be admitted is "highly probable," the evidentiary burden is met. *Id.* In this case, the state's offer of proof consisted of police reports and a transcript of the 1996 interview of S.S.M.

The state contends that the district court erroneously believed that S.S.M. should have been called to testify at the pretrial hearing and that S.S.M.'s testimony was in need of further corroboration. The state is wrong. Contrary to the state's assertions, the district court did not fault the lack of personal testimony or corroboration. Rather, the district court expressed concern over the dearth of information provided by S.S.M. about the alleged Iowa incident. The district court explained:

> The State's offer of proof consists of a reference by the victim that "both times" the Defendant touched her on her vaginal area. When questioned where the events occurred, the victim Stated [sic] one time in Rochester and one time in Iowa. As to the latter, S.S. was unsure of the date and very little elaboration or clarification was elicited or volunteered.

The 1996 interview occurred three years after the alleged Iowa incident. During the 1994 interview, S.S.M. indicated that Reckinger had never abused her before. We cannot say that the district court clearly and unequivocally erred in concluding that evidence of the alleged Iowa incident was not clear and convincing.

The district court also stated that the "evidence offered is not substantially crucial to the outcome of the State's case to outweigh its prejudicial effect." Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Minn. R. Evid. 403.

> [W]hen balancing the probative value of *Spreigl* evidence against the potential for unfair prejudice, the trial court must consider how necessary the *Spreigl* evidence is to the state's case. Only if the other evidence is weak or inadequate, and the *Spreigl* evidence is needed as support for the state's burden of proof, should the trial court admit the *Spreigl* evidence.

*State v. Kennedy*, 585 N.W.2d 385, 391–92 (Minn.1998) (quotation omitted). The district court has broad discretion in determining if the probative value of the Spreigl evidence is substantially outweighed by the danger of unfair prejudice. *State v. Shamp*, 422 N.W.2d 520, 526 (Minn.App. 1988), *review denied* (Minn. June 10, 1988).

 The district court here did not commit "clear and unequivocal error." Appellate courts accord district courts a high degree of deference when they let in Spreigl evidence. *See, e.g., Kennedy*, 585 N.W.2d at 389–92; *Shamp*, 422 N.W.2d at 525–26. We note that the vast majority of Spreigl rulings that Minnesota appellate courts see end up as affirmances of district courts' decisions to let in Spreigl. It can be said that the test, at times, amounts to little more than, "well, was it offered." We conclude that "the street runs both ways," and we must likewise accord district courts a high degree of deference when they keep out Spreigl evidence. In this case, the district court concluded that

the contested evidence could possibly taint the jury and cause them to punish Reckinger for a crime with which he was never charged. The district court's determination was not an abuse of discretion; it was proper.

■ 2. Regardless of the merits on the exclusion, appellate courts will not reverse a pretrial suppression ruling if the exclusion will not have a "critical impact" on the trial's outcome. *Martin*, 591 N.W.2d at 484. Critical impact is shown where suppression of the evidence significantly reduces the likelihood of a successful prosecution. *In re Welfare of L.E.P.*, 594 N.W.2d 163, 168 (Minn.1999); *State v. Aubid*, 591 N.W.2d 472, 477 (Minn.1999).

■ The state's argument for critical impact is thin. The state was not denied any evidence relating to the case at hand. The incident charged was reported and described by the victim within three weeks after it allegedly occurred. On the other hand, the Spreigl evidence that the state now contends is of critical impact is questionable evidence of an alleged event that surfaced some three years after the fact. We conclude that the state simply failed to show how the absence of such evidence significantly reduces the likelihood of a successful prosecution for the crime charged.

### DECISION

The district court did not abuse its discretion when ruling to exclude Spreigl evidence of the alleged Iowa incident. Further, the state has not shown that exclusion of the evidence will have a critical impact on the trial's outcome.

**Affirmed.**

SCHUMACHER, Judge (dissenting).

I respectfully dissent. The disputed evidence is not subject to Spreigl requirements, and it is premature to evaluate its admissibility before trial. Furthermore, the exclusion is of critical impact unless reversed.

Evidence of Reckinger's prior sexual abuse of S.S.M. is evidence bearing directly on the history of the relationship between the defendant and the victim. The supreme court has stated that

> [w]e did not intend by our decision in *State v. Spreigl* * * * to require a "Spreigl notice" as a condition to the admissibility of evidence bearing directly on the history of the relationship existing between [the] accused * * * and the victim.

*State v. Salas*, 306 N.W.2d 832, 836 (Minn. 1981) (quoting *State v. Boyce*, 284 Minn. 242, 260, 170 N.W.2d 104, 115 (1969)).

The supreme court in the past has affirmed the admission of relationship evidence without discussing the Spreigl balancing test, or by suggesting a rule of general admissibility. *See, e.g., State v. Thieman*, 439 N.W.2d 1, 6 (Minn.1989) (affirming admission of relationship evidence without balancing test analysis); *State v. Flores*, 418 N.W.2d 150, 159 (Minn.1988) (stating evidence is "generally admissible"). In the most recent supreme court case on relationship evidence, the court applied the balancing test in concluding that relationship evidence was properly admitted. *See State v. Bauer*, 598 N.W.2d 352, 364–65 (Minn.1999). That case concerned third-party testimony, however, and not, as here, testimony of the victim herself.

It is unusual for a trial court to reject testimony from the victim of the charged offense as not being "clear and convincing." *See, e.g., State v. Kennedy*, 585 N.W.2d 385, 389 (Minn.1998) (explaining that if sexual assault victim's testimony alone is sufficient to establish proof beyond reasonable doubt it should be enough to satisfy clear and convincing requirement). More importantly, the district court should not have rejected the disputed evidence before trial. The supreme court has stated that no admissibility decision should be made until after the state's case is in. *See, e.g., State v. DeWald*, 464 N.W.2d 500,

504–05 (Minn.1991) (trial court should defer Spreigl ruling until after state has presented its case at trial because subsequent events, including unforeseen testimony, may impact on ruling). Particularly where the victim is going to be testifying anyway, and can easily be questioned in chambers about the disputed incident, it makes little sense to hold pretrial that "clear and convincing" evidence is lacking.

Furthermore, exclusion of the disputed testimony may have a critical impact on the outcome of the trial unless reversed. S.S.M. is the only witness of the charged offense of sexual abuse in early August 1994, while the disputed testimony relates to earlier abuse in Iowa in December 1993. Excluding testimony about the earlier abuse would leave the jury with the impression that the charged offense is an isolated, one-time event. Such an impression is contrary to the victim's own testimony and would substantially increase the effectiveness of a defense of mistake or inadvertence.